# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-423-GW(PLAx) | Date | March 29, 2018 |
| Title | *Lois Feiges v. Jaguar Land Rover North America, LLC, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Ray Naderi    Jacqueline Bruce Chinery

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND [18]**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION. Court to issue ruling.

: 05

Initials of Preparer JG

*Feiges v. Jaguar Land Rover N. Am., LLC, et al.*, Case No. 1:18-cv-00423-GW-(PLAx)
Tentative Ruling on Motion to Remand


**I. Background**

Lois Feiges ("Plaintiff") filed a Complaint in California state court against Jaguar Land Rover North America, LLC ("Jaguar") on December 14, 2017, asserting a single "Lemon Law" cause of action for violation of the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790, 1791, 1794, et seq. ("Song-Beverly"). Jaguar removed the action to this Court on January 17, 2018, asserting the existence of complete diversity. Plaintiff does not challenge the existence of complete diversity *as of the time of removal*.

On January 31, 2018, however, Plaintiff filed a First Amended Complaint for Damages ("FAC"),[1] appearing to add Terry York Motor Cars, Ltd dba Land Rover Encino ("TYMC") as a defendant.[2] TYMC apparently leased and serviced the vehicle in question in this case. Plaintiff has not properly alleged TYMC's citizenship in the FAC, alleging only that it "is a corporation existing under the laws of the state of its incorporation, and is authorized to do business and is doing business in the State of California." FAC ¶ 3. However, she has filed a motion to remand in which she asserts, as a matter of fact, that TYMC is a citizen of California, thereby – given her own asserted California citizenship[3] – destroying complete diversity. *See* Naderi Decl. (Docket No. 18), ¶ 6. Jaguar has opposed the motion, and has not denied that TYMC is a California citizen.

**II. Analysis**

Under 28 U.S.C. § 1447(e), a court has two options when faced with an attempt to

---

[1] Plaintiff asserts that she also filed a "Doe amendment" in state court after removal, but before she learned of the removal. *See* Naderi Decl. (Docket No. 18), ¶ 7. The state court lost jurisdiction over this matter upon removal, meaning that the amendment was a nullity.

[2] TYMC has not been named a defendant in the caption page of the FAC. *See* Docket No. 11, at 1:13-14. However, it is identified as a defendant in the body of the FAC. *See* FAC ¶ 3. The FAC continues to assert the same single state-law cause of action. Jaguar has not contested Plaintiff's filing of the FAC. *See generally Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132, 1136 (C.D. Cal. 2016).

[3] Plaintiff has likewise not properly alleged her own citizenship, stating only that she is a resident of California. *See* FAC ¶ 1. In its Notice of Removal, however, Jaguar asserted that Plaintiff was a *citizen* of California. *See* Notice of Removal ¶ 6. Neither party makes any contrary assertion in briefing this motion.

add additional non-diverse defendants post-removal – either deny the joinder of the individual defendants or permit the joinder and remand the action to state court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *see also Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993) (identifying a third option – "deem the party 'indispensable' and dismiss the case"); O'Connell & Stevenson, <u>Federal Civil Procedure Before Trial</u> (2017) ("<u>O'Connell & Stevenson</u>"), ¶ 2:3642, at 2D-209. As such, where a court permits a non-diverse person or entity to be substituted for a "Doe" defendant after removal, diversity jurisdiction is destroyed and the action must be remanded to state court.

A leading practice guide has identified a number of factors that should be taken into account by a district court in exercising its discretion under Section 1447(e): 1) whether the entity sought to be joined is an entity whose presence is "needed for just adjudication" and would be ordered joined under Federal Rule of Civil Procedure 19(a); 2) whether, if joinder is denied, an action against the new defendant in state court would be barred by the statute of limitations; 3) whether there has been an unexplained delay in seeking joinder; 4) whether it appears that Plaintiff is simply seeking to join a party solely for purposes of destroying diversity; 5) whether the claim against the proposed party appears valid[4]; and 6) whether there is any prejudice that could befall the plaintiff if

---

[4] In her Reply brief, Plaintiff argues for the first time that Jaguar cannot demonstrate *fraudulent joinder* here. Putting aside the observation that Plaintiff should have offered this argument in her opening brief if she intended to have it impact the Court's decision, a leading practice guide offers the conclusion that the "fraudulent joinder" doctrine does not apply when examining an attempt to add a non-diverse party *post-removal*.
> The fraudulent joinder doctrine allows courts to ignore nondiverse parties in the state court action at the time of removal. But that doctrine does not apply to joinders that occur after an action is removed. Section 1447(e) gives defendant the opportunity to object to joinder of parties against whom no colorable claim can be asserted. "There is no need, then, for a doctrine that ignores parties who are fraudulently joined after removal, for such parties would never be allowed to become defendants in the first place."

O'Connell & Stevenson, <u>Federal Civil Procedure Before Trial</u> (2017), ¶ 2:3658, at 2D-211 (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)); *see also Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 n.2 (C.D. Cal. 2002). *But see Warner*, 193 F.Supp.3d at 1136-37; *Diaz v. Allstate Ins. Grp.*,

the amendment is denied.  *See* O'Connell & Stevenson, ¶¶ 2:3646-3651, at 2D-210.  Some district courts have analyzed additional factors as well.  *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1278 (C.D. Cal. 2015) (considering also "the closeness of the relationship between the new and the old parties," "the effect of an amendment on the court's jurisdiction," and "the new party's notice of the pending action").

Of these possible factors, Plaintiff addressed in her opening brief only whether she has a claim against TYMC and a reason for any delay in naming TYMC.  She asserts that TYMC leased and serviced her vehicle, which she asserts (without citation to any authority) gives her a claim against it under Song-Beverly.  She also indicates that she became aware, on January 3, 2018, of what she believes was spoliation of evidence – the sale, to a third-party, of the vehicle she turned in – and that she only recently (on January 15, 2018) learned the legal name of TYMC.  *See* Naderi Decl. (Docket No. 18), ¶¶ 4-5.  The FAC does not contain a claim for "spoliation."

Apart from discussing aspects of jurisdiction that are not contested by way of this motion, Jaguar responds that Plaintiff obviously knew that she had leased a vehicle from a dealership before she filed suit, and argues that she has not identified any facts or law that she supposedly learned about after she filed suit leading her to discover she had a claim against TYMC.  It contends there is no reason Plaintiff could not have determined TYMC's legal name prior to filing suit, by simply performing minimal research on the California Secretary of State's website.  Citing *Oregel v. American Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1102 n.8 (2001) and *Martinez v. Kia Motors America, Inc.*, 193 Cal.App.4th 187 (2011), it further argues that Plaintiff need not prove the cause of any alleged vehicle defect in a Song-Beverly action and need not possess the vehicle either, such that any spoliation is irrelevant.[5]

The parties' discussion of the potential relevant factors here is limited at best.

---

185 F.R.D. 581, 585-86, 595-96 (C.D. Cal. 1998).  In any event, that the Court is supposed to consider whether there is *apparent validity to the claim* against the proposed new defendant adequately covers the considerations posed by the fraudulent joinder doctrine, though perhaps not under the same exacting standards as the fraudulent joinder doctrine.

[5] Jaguar also asserts that Plaintiff's motion does not contain the required Local Rule 7-3 statement.  While that statement is not in the Notice of Motion itself, Plaintiff's counsel has included it in his declaration, which the Court deems sufficient here.  *See* Naderi Decl. (Docket No. 18), ¶ 8.

However, while *Oregel* and *Martinez* do indeed stand for the propositions Jaguar identifies, Jaguar has *not* attempted to argue that someone in Plaintiff's position cannot sue the dealership who leased and/or serviced the vehicle in question. *See, e.g.*, *Park City Servs., Inc. v. Ford Motor Co., Inc.*, 144 Cal.App.4th 295, 301-02 (2006) ("In general, '[t]he [Song-Beverly] Act regulates warranty terms, imposes service and repair obligations on manufacturers, *distributors, and retailers* who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties.'") (emphasis added) (quoting *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal.App.3d 205, 213 (1991)). Its only reason offered for why Plaintiff should not be permitted to do so here is because it believes Plaintiff's counsel should have determined TYMC's legal name earlier. Perhaps so. But Plaintiff's counsel indicates he learned of that name only 32 days after he filed the original Complaint, and two days *before* Jaguar removed the case to this Court. While Plaintiff's counsel might have acted earlier and his representation might conceivably be deemed somewhat *imperfect* in that regard, the Court does not perceive any delay here to be either lengthy or inexplicable.

As such, the only two factors the parties have discussed here – both of which lead the Court to the conclusion that Plaintiff is not seeking simply to destroy diversity by way of adding TYMC, a third recognized factor – point, in general, towards the Court permitting TYMC as a defendant in this action. This would destroy diversity, and would require remand to state court.

The Court therefore grants the motion.